E-FILED
Friday, 14 July, 2006 03:52:43 PM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05-40113 |
| CHARLES CLIFTON HOWELL | ) ) | |
| Defendant. | ) | |

## O R D E R

  Before the Court are amended motions by Defendant to dismiss Count One of the Superseding Indictment and for "relief from misjoinder of offenses and prejudicial joinder of offenses." Having considered the motions, Defendant's supporting memoranda of law, and the Government's response, the motions are denied for the following reasons. However, the Court would strike the words or phrase "and elsewhere" from Count One.

  It is clear that the sole *raison d'etre* for the motions is Defendant's contention that Count One, on its face, charges two drug conspiracies: one taking place in Illinois and one taking place in Tennessee. Defendant argues that discovery furnished by the Government reveals that there is no factual basis for a Tennessee drug conspiracy and even if there were, it had no connection with the Illinois drug conspiracy. The legal issue presented by these motions is not whether, in fact, the evidence at trial will show the existence of one or two conspiracies, but whether the Indictment charges one or two conspiracies in Count One. As stated in <u>United States v. Bruun</u>, 809 F.2d 397, 405 (7th

Cir. 1987), joinder is determined from the face of the indictment and if the indictment charged a single conspiracy, it is proper on its face, even if the evidence shows multiple conspiracies at trial. Count One facially charges a single conspiracy carried out by activities taking place in various locations including the states of Washington, Illinois and Tennessee. See United States v. Simone, 931 F.2d 1186, 1186, 1192 (7th Cir. 1991). At this stage the Court is not allowed to look beyond the pleading to determine its scope; that is left for the trial and is an appropriate concern in instructing the jury. In that regard the intended scope of the criminal agreement between Defendant and his co-conspirators and not necessarily the geographic locations defines the scope of the conspiracy. See United States v. Bruun, 809 F.2d at 405; United States v. Varelli, 407 F.2d 735, 742 (7th Cir. 1969).

"Venue is proper in any district where an offense was begun, continued or completed." United States v. Molt, 772 F.2d 366, 369 (7th Cir. 1985). As long as one overt act in furtherance of the conspiracy was committed in a district, venue is proper there. United States v. Brown, 739 F.2d 1136 (7th Cir. 1984).

Since Count One charges one conspiracy with Defendant at its core and acts in furtherance of the conspiracy occurring in Illinois, Washington and Tennessee, venue would be proper in Illinois as well as either of the other two states.

IT IS THEREFORE ORDERED that the Defendant's amended motion to dismiss Count One of the Superseding Indictment and for "relief from misjoinder of offenses and prejudicial joinder of offenses" is DENIED, however, the Court would strike the words or phrase "and

elsewhere" from Count One.

ENTERED this 14th day of July, 2006.

                         s/ DISTRICT JUDGE
                         _____
                         JOE BILLY McDADE
                         United States District Judge